ANGUS v. BEGGS et al. (No. 8088.)*

(Court of Civil Appeals of Texas. Dallas. Jan. 18, 1919. Rehearing Denied Feb. 15, 1919.)

1. ARBITRATION AND AWARD ⨀45 — PROCEEDING TO SET ASIDE AWARD—IRREGULAR ACTS OF ARBITRATORS.

While arbitrators' failure to swear. witnesses before giving their testimony, and to comply with the arbitration agreement was an irregularity, yet where the witnesses were recalled and sworn as to the statements they had made, and no special injury to complaining party is shown, and no fraud, unfairness, or impartiality was participated in by the arbitrators, the award will be considered just and equitable.

2. ARBITRATION AND AWARD ⨀84—HEARING—EXCLUSION OF PARTY—SUFFICIENCY OF OBJECTION TO AWARD.

Where the merits of the decision of arbitrators was not attacked, but defeated party alleged generally that he was improperly excluded from the hearing, and not allowed to cross-examine witnesses, and that if given a fair opportunity he could show want of indebtedness, objection is too general to prevent judgment on the award.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Suit by Thomas Beggs and another against Tom Angus, to recover for commission due for building a house, labor, and costs of material, and, pending the suit, the parties agreed to submit the controversy to three named arbitrators. The arbitrators heard the matter, and made an award to plaintiffs, which was contested by defendant, and the court sustained the award by a judgment, from which defendant appeals. Judgment affirmed.

Adams & Stenaris, of Dallas, for appellant.
Holloway & Holloway, of Dallas, for appellees.

RAINEY, C. J. Appellees brought suit to recover of appellant for commission due them for building a house, labor, and cost of material. During the pendency of the suit the parties agreed to submit the controversy to three arbitrators, who were named. The arbitrators heard the matter, and awarded to appellees the sum of $1,367.53, which was contested by appellant, but the court sustained the award, from which this appeal is taken.

The appellant's first and second assignments of error are to the effect that the court erred in approving the award of the arbitrators and entering judgment thereon in favor of appellees, because the arbitrators failed and refused to conduct the arbitration in accordance with the agreement, in that a large number of witnesses were heard by the arbitrators, and were heard to testify without being sworn or required to affirm, and that the statements of said witnesses were on material issues and influenced the making of said award.

The proposition submitted under these assignments is:

"The arbitration agreement having provided that the testimony of witnesses should be taken upon oath or affirmation, it was a gross irregularity to the material prejudice of the defendant's rights on the part of the arbitrators to permit plaintiffs to prove their claim against defendant by statements of witnesses not upon oath or affirmation, and such error was not cured by subsequently recalling the witnesses and attempting to administer to witnesses an oath by one not authorized to administer such oath."

The agreement entered into by the parties provided, among other things, that the arbitrators were "to decide all such matters of controversy between the parties hereto; the said arbitrators may proceed in such way as they may see fit, and may examine all papers that may be submitted to them by the parties hereto, and may examine the building and premises referred to, and may examine, as witnesses on oath or affirmation the parties to this arbitration agreement, and such other witnesses as the parties to this arbitration agreement, or the arbitrators may deem advisable to call. The arbitrators will then determine, as between man and man without regard to legal technicalities, the amounts, if any which may be owing by Tom Angus to Thomas Beggs and Robert Beggs on account of the said transaction."

The evidence shows that labors of the arbitrators were delayed, and were continued for several months before an award was reached. For some time witnesses were not placed under oath or affirmation, the arbitrators not

realizing that it was required, but after a large number of witnesses had been examined they were recalled to give further testimony, and were then sworn to the truth of their statements then and in the future. Appellant and some of his witnesses were among the first examined, and were not sworn, nor did appellant make any objection at the time to the oath being not administered, and before the award was finally submitted, at appellant's request, the arbitrators reopened the case and heard more testimony, and before the award was made he wrote them to make the award in his favor, saying:

"I realize that you gentlemen have been patient and painstaking, and I presume you have done what you thought right and proper."

[1] The failure of the arbitrators to swear the witnesses before the giving their testimony and to comply with the arbitration agreement of the parties was an irregularity, and as by the after swearing of the witnesses as to the statements made and the subsequent compliance with the arbitration agreement no special injury is shown to have resulted to appellant, and no fraud or unfairness or impartiality is shown to have been participated in by the arbitrators, we have reached the conclusion that the appellant has not been injured, and the award will be considered as just and equitable.

[2] The third and fourth assignments of error, in effect, complain of the action of the arbitrators in preventing appellant from being present when witnesses were being examined and not permitting him to cross-examine them, etc., and submit the following proposition, to wit:

"Under an arbitration agreement submitting to three arbitrators the complicated issues between the parties, requiring a hearing of a multiplicity of claims urged by the plaintiffs and involving their right to a commission on the cost of the material and labor in the construction by them of three buildings, and involving the defenses to which defendant was entitled under his general denial and special plea, alleging full payment of said commission, of which the arbitrators knew absolutely nothing, the action of the arbitrators in excluding the defendant from the hearings when plaintiffs were stating to said arbitrators the items and details as to expenditures on which their commissions were based, and in denying defendant the right to question and cross-examine plaintiffs on all matters pertinent to said claims and issues, were such gross irregularities in said arbitration proceedings as would make it impracticable to have a fair and full hearing on said issues, and would entitle defendant to a rehearing, and was such misconduct on the part of said arbitrators as was reasonably calculated to preju-

dice the rights of defendant in said arbitration, and resulted in an award against defendant, which he avers is unjust, and it was error for the court to enter judgment on said award."

Mr. S. B. Scott, one of the arbitrators, testified:

"There seemed to be very acute feeling between the parties, and we felt that it would be best not to have them together. We arrived at that conclusion from what Mr. Angus said. He seemed to be very much embittered against the plaintiffs, and we discussed the matter of having the parties present when the others were testifying. Mr. Angus used some pretty rough language in regard to the plaintiffs in the case. * * * We concluded that it would be best, as far as possible, to avoid any personal trouble between them not to have them present. There was no objection made to that method of procedure until along towards the latter end of the business."

Mr. McAleer, another arbitrator, testified:

"When Mr. Angus was asked to absent himself from the hearings he made no objection whatever."

Mr. Jones, the other arbitrator, testified:

"They knew that they had not been sworn, but I don't know whether they knew that the other parties had not been sworn or not; but no objection was made to it. Mr. Angus was present when nearly all of his witnesses testified. He made no objection to his own witnesses not being sworn. We had most of them sworn. I have a list of those here who were sworn and who were not. Those who were sworn were (naming them); and after that we had additional evidence, and, as stated before, we swore them to what they had already given and what they were about to give. The additional evidence was given on behalf of Mr. Angus. The witnesses who were not sworn were Mrs. Angus" and seven others. These were appellant's witnesses.

There were 56 items of actual cost of labor and material passed upon by the arbitrators. In appellant's answer to a petition for judgment on the award not one of these items is challenged, but alleged generally that, if given a fair opportunity under rules, he could show that he is not indebted to the plaintiffs in any sum. No evidence was offered to contradict the finding of the arbitrators as to any item. There is no evidence showing that the arbitrators acted fraudulently, unfairly, or partially, nor that the award was unjust and showing that it was not due.

We think the charges against the award are too general, and do not point out particularly enough wherein appellant has been injured.

The judgment is affirmed.